**Kevin BRUCE, Plaintiff—Appellee,**

v.

**Glenn A. MUELLER, Defendant,**

**and**

**J. Carlson, et al., Defendants—Appellants.**

No. 02–15863.

D.C. No. CV–96–02227–JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided May 30, 2003.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,* Senior District Judge.

## MEMORANDUM **

Folsom State prison officials appeal the district court's award of attorney's fees and witness costs following Appellee Kevin Bruce's successful First Amendment challenge to a prison ban on possession of Dungeons & Dragons materials, claiming that because the three actions taken by prison officials-returning Bruce's materials, expunging his disciplinary conviction, and revising "Attachment J," which prohibited possession of the materials-were not explicitly "court-ordered," they may not be the basis for an award of attorney's fees under 42 U.S.C. § 1997e(d).

■ While the court's order granting summary judgment to Bruce on his First Amendment claim did not explicitly order these actions, it is clear that Bruce effectively achieved the relief in question when he proved that a First Amendment violation had occurred. The return of his materials and the clearing of his record was not a "voluntary change in conduct," *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), but was ultimately required by the district court's finding, even if the ac-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions were not specifically ordered. The summary judgment order constituted a declaration of rights, and created a " 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). Therefore, Bruce is entitled to such attorney's fees as are proportionately related to the actions taken by prison officials which were a vindication of Bruce's rights. *See* 42 U.S.C. § 1997e(d)(1)(B)(i).

■ However, the revision of Attachment J of Folsom's prison policies had no effect on Bruce, as he had been transferred to another prison prior to the grant of summary judgment. Thus, it cannot be said that Bruce is a prevailing party as to that relief. Remand is therefore required for the district court to determine an award of attorney's fees that is proportional to the two items of relief Bruce garnered in addition to the monetary relief he was awarded by the jury.

The district court's award of witness costs to Bruce was not an abuse of discretion.

AFFIRMED in Part, REVERSED in Part, and REMANDED. Each party shall bear its own costs on appeal.